IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |
|---|---|
| IN RE ) | |
| ) | |
| ZIA UDDIN, ) | CASE NO. 05-80907-G3-13 |
| ) | |
| Debtor, ) | |
| ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Application for Allowance and Payment of Attorneys Fees and Costs for Counsel for Debtor for the Time Period of 02/28/2005 through 6/25/2006" (Docket No. 56).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate conforming Judgment will be entered.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Zia Uddin ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on April 3, 2005.  William E. Heitkamp is the Chapter 13 Trustee.

On May 10, 2005, Pamela L. Stewart, counsel for Debtors, filed a "Disclosure of Compensation of Attorney for Debtor."  The disclosure of compensation reflects that Stewart agreed to accept a "Fixed Fee" of $2,050.00 for legal services,

and that she received $350.00 prior to the filing of the disclosure.  The disclosure reflects that in return for the disclosed fee, Stewart agreed "to render legal service for all aspects of the bankruptcy case, including:  a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy; b.  Preparation of filing of any petition, schedules, statements of affairs and plan which may be required; c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof."  A paragraph of the disclosure contains a space for services not included in the fee.  No services are identified.  (Docket No. 5).

On June 30, 2006, Stewart filed the instant application, seeking allowance of $5,118.00 in fees and $295.00 in expenses.[1]

Stewart attached time records to the instant application.  The time records reflect that Stewart conducted an initial consultation, prepared the Chapter 13 petition, filed the petition, gave notice to creditors, assisted Debtors in preparing the schedules and a Chapter 13 plan, attended the meeting of creditors, amended the plan, and responded to two motions to dismiss filed by the Chapter 13 Trustee.  In addition, Stewart

---

[1]The court notes that the billings total $6,518.00 in fees. However, Stewart appears to have voluntarily reduced her fees to $5,118.00.

filed an objections to the claim of Wells Fargo Bank ("WFB," Debtor's home mortgage creditor), defended a motion for relief from stay filed by WFB, and objected to the claim of the Internal Revenue Service.  For these services, Stewart billed 24.3 hours, which she believes should be compensable at $235 per hour.  Stewart also billed 9.5 hours of paralegal time, which she believes should be compensable at $85 per hour.  (Docket No. 56).

Debtor's plan provided for attorney fees of $2,026.00.  The plan provided for distributions to holders of secured and priority claims, leaving $756.70 available for distribution to holders of unsecured claims.  (Docket No. 29).  The Chapter 13 Trustee recommended confirmation of the plan, in that the plan proposed to provide sufficient funds for payment of all secured and priority claims, and to provide full payment of all unsecured claims.  The plan was confirmed, by order entered January 26, 2006.  (Docket No. 46).

Stewart testified that the attorney time required in the instant case was much more than the average case because of the dispute with WFB.  She testified that, after she had reached agreement with counsel for WFB on resolution of WFB's motion for relief from stay, counsel for WFB submitted to the court the wrong form of agreed order, representing that Stewart had agreed to the terms.  She testified that this necessitated the filing of a motion to correct the agreed order.  She testified that it was

necessary to object to WFB's claim because of charges she believed were not owed by Debtor.  She testified that WFB filed a response to the claim objection on the day before the hearing on the claim objection, and that she had to file a motion to strike the response, because it was not timely.

The court set the instant application for hearing on September 7, 2006.  On September 6, 2006, Stewart filed an amended disclosure of compensation.  The language of the amended disclosure is identical to that of the initial disclosure, except that the amount now says a "Fixed Fee" of $5,219.00.  (Docket No. 62).

## Conclusions of Law

Section 330(a)(4)(B) of the Bankruptcy Code provides that, in a Chapter 13 case, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor, and the other factors set forth in Section 330.  11 U.S.C. § 330(a)(4)(B).  These other factors include the time and amount spent on such services, the rates charged for such services, whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of the case, whether the services were performed within a reasonable amount of time

commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and whether the compensatino is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than bankruptcy cases.  11 U.S.C. § 330(a)(3).

Section 329(a) of the Bankruptcy Code requires that any attorney representing a debtor file "a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation."  11 U.S.C. § 329(a).

The disclosure requirements are imposed because, <u>inter alia</u>, there are instances in which debtors will not object to their attorney's fee applications because they may be in no position to make an objective judgment as to the value of the legal services involved, and may lack the inclination to object to whatever fee is requested.  <u>Halbert v. Yousif</u>, 225 B.R. 336 (E.D. Mich. 1998).

In the instant case, the time spent by Stewart is reasonable, in light of the complexity of the case and the issues presented.  However, allowance of the proposed fee appears to make the plan infeasible, and will necessitate the filing of a

motion to modify the plan.[2]  The court concludes that the fee sought is reasonable.

However, even the amended disclosure of compensation in the instant case does not appear to accurately reflect the true agreement between Stewart and her client with respect to fees. Stewart did not testify that she agreed to represent Debtor on a fixed fee basis.  The court concludes that the instant application should be denied without prejudice to refiling, after Stewart has amended the disclosure of compensation.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on March 8, 2007.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE

---

[2] The court notes that Stewart should have anticipated that the plan would not provide sufficient funds to pay all secured and priority claims, if the instant fee application were to be approved.  Accordingly, Stewart shall not seek compensation for services rendered in a future motion to modify the plan to provide for attorney fees sought.